# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA FLOWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11 C 7482 |
| ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Christina Flower has sued her former employer, the City of Chicago, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and Illinois law. One of her Illinois claims is a common law retaliatory discharge claim. The City has moved to dismiss this claim. For the reasons stated below, the Court grants the motion.

## Facts

The Court takes the following facts from the allegations in Flower's complaint.

Flower was employed by the City as a project coordinator from August 16, 2001 until July 26, 2010. In April 2002, she made a complaint of sexual harassment against her supervisor, Steve Padgitt. While her complaint was being investigated, Flower transferred to a new department. As a result, she no longer worked with Padgitt.

In September 2009, Flower became pregnant. During her pregnancy, Flower's doctor wrote a letter to the City explaining that Flower was having physical problems

with her pregnancy and that this would cause her to miss work.  Flower gave this letter to her supervisors, who agreed with her on a plan that gave her several options if she needed to miss work due to problems with the pregnancy.  In addition, the City had a written parental leave policy providing for six weeks of paid parental leave.  Relying on this, Flower took vacation time prior to her maternity leave.

      While she was pregnant, Flower was assigned extra duties as part of the Technical Assistance Group (TA Group).  The TA Group consisted of Flower, three other City employees, and a consultant.  At the TA Group's first meeting on January 21, 2010, Flower learned that Padgitt was also a member of the group.  After the meeting, Flower met with Loisteen Woods of the City's Human Resources Department to discuss her concerns about being in a small work group with Padgitt, due to his previous harassment of her.  Woods said that she would contact the City's Sexual Harassment Compliance Office but that Flower should be prepared to work with Padgitt in the TA Group.  Despite making an inquiry through the Compliance Office's website and following up with Woods, Flower heard nothing more.

      On March 30, 2010, Flower met with the Director of Human Resources to plan her maternity leave.  The Director informed Flower that she was no longer entitled to any paid maternity leave and that she would have to take vacation time or unpaid leave.  Because Flower had previously taken vacation time, she did not have enough left to cover her parental leave.

      Flower went on maternity leave beginning May 10, 2010 and returned to work on July 13, 2010.  When she returned, Flower met with Woods and learned that the Compliance Office had determined that she would have to keep working with Padgitt in

2

the TA Group. Flower resigned on July 26, 2010, the day before her next TA Group meeting.

Flower asserts hostile work environment and retaliation claims under Title VII and section 1981 (Counts 1 and 2); a claim of retaliatory discharge under Illinois law (Count 3); and a claim for breach of her employment contract based on the denial of paid parental leave (Count 4). Counts 1, 2, and 3 include allegations that the City constructively discharged Flower. The City has moved to dismiss Count 3.

## Discussion

The City argues that Flower's state law retaliatory constructive discharge is legally deficient because Illinois courts have not recognized that sort of claim. Flower argues that the Court should allow a claim for retaliatory constructive discharge as a matter of public policy.

Flower acknowledges that the Illinois courts have not yet recognized a common law claim for retaliatory constructive discharge. The Illinois Supreme Court has "thus far declined to recognize a cause of action for retaliatory constructive discharge." *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 468, 722 N.E.2d 1115, 1121 (1999). The Illinois Supreme Court has also noted its "past precedent admonishing against the expansion of this tort." *Buckner v. Atl. Plant Maint., Inc.*, 182 Ill. 2d 12, 20, 694 N.E.2d 565, 569 (1998); *see also Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill. 2d 29, 39, 645 N.E.2d 877, 882 (1994) ("Illinois courts have refused to accept a 'constructive discharge' concept."); *Graham v. Commonwealth Edison Co.*, 318 Ill. App. 3d 736, 742, 742 N.E.2d 858, 864 (2000) ("The tort of retaliatory discharge does not encompass any

behavior other than actual termination of employment.").

The Illinois courts are free to revisit the matter, but this Court is not. "[T]he ultimate responsibility of the district courts is to apply the law of the state in which the court sits with respect to substantive matters." *Allstate Ins. Co. v. Menard's, Inc.*, 285 F.3d 630, 633 (7th Cir. 2002). As the Seventh Circuit has stated, "a plaintiff who needs a common law departure or innovation to win should bring his suit in state court rather than in federal court." *Great Cent. Ins. Co. v. Ins. Services Office, Inc.*, 74 F.3d 778, 786 (7th Cir. 1996).

Though not cited by either party, the Seventh Circuit has repeatedly concluded that Illinois law does not permit a plaintiff to maintain a retaliatory discharge claim based on a theory of constructive discharge. *See Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 708 (7th Cir. 2004); *Propst v. Bitzer*, 39 F.3d 148, 154 (7th Cir. 1994). This Court is required to follow those decisions, absent an intervening contrary decision by the Illinois Supreme Court – which does not exist. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004).

## Conclusion

For the reasons stated above, the Court grants the City's motion to dismiss [docket no. 33]. Count 3 is dismissed for failure to state a claim. The Court notes that even though the City moved to dismiss only one of Flower's four claims, it did not answer the other three. This was inappropriate. The City is directed to answer the remaining claims by no later than this Friday, August 3, 2012. This deadline will not be extended.

s/ Matthew F. Kennelly<br>
MATTHEW F. KENNELLY<br>
United States District Judge

Date: July 30, 2012